UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DELARRIAN STALLWORTH,**

        **Plaintiff,**

v.                                                  Case No: 6:20-cv-1809-PGB-EJK

**WASTE PRO USA, INC. and**
**WASTE PRO OF FLORIDA, INC.,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the undersigned on the Joint Amended Motion for Approval of Proposed Settlement and Dismissal with Prejudice ("the Motion"), filed March 17, 2021.[1] (Doc. 13.) Upon consideration of the Motion and the Settlement Agreement (Doc. 10-1), I respectfully recommend that the Motion be granted and the case be dismissed with prejudice.

**I.   BACKGROUND**

On October 2, 2020, Plaintiff filed the instant lawsuit individually asserting claims for unpaid overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), against Delta Sanitation of Mississippi, LLC, Waste Pro USA, and Waste Pro Florida, Inc. (Doc. 13 ¶ 6.) These claims were the same claims Plaintiff previously alleged for unpaid overtime in *Thomas, et al v. Waste Pro USA, Inc., et al.*, No. 8:17-cv-02254- CEH (M.D. Fla.)[2] and *Calloway*

---

[1] The parties previously filed a Joint Motion for Settlement Approval and Dismissal with Prejudice (Doc. 10), which was denied for failure to address liquidated damages. (Doc. 11.) In the instant Motion, the parties clarify the liquidated damages issue and seek approval of the settlement agreement submitted with their first motion for settlement approval, which is incorporated by reference. (Doc. 12 ¶ 7 (referencing Doc. 10-1).)

[2] On September 28, 2017, Alfred Thomas and two others filed a collective action complaint asserting claims for unpaid overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201,

*et al. v. Waste Pro USA, Inc., et al.,* No. 6:20-cv-01369-CEM-DCI (M.D. Fla.)[3] against Defendants. (*Id.*, ¶¶ 2, 4, 6.)

Plaintiff alleges he was employed by Waste Pro of Florida as a Helper between February 17, 2014, and June 8, 2018. (Doc. 10-1, ¶ A.) Defendant Waste Pro USA has denied it ever employed Plaintiff, either directly or indirectly, or any other Helpers.[4] (*Id.* ¶ F.) Under the Agreement, Plaintiff will receive $750.00 in unpaid wages, $750.00 in attorney fees, and no liquidated damages from Waste Pro Florida. (Docs. 13 ¶ 7, 10-1 ¶ 3). The parties argue that the Agreement represents a reasonable compromise of Plaintiff's FLSA claims and request that the Court grant the Motion and dismiss the case with prejudice. (Doc. 13.)

## II.   STANDARD

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary

---

*et seq.* ("FLSA"), against Delta Sanitation of Mississippi, LLC, Waste Pro USA, and Waste Pro Florida, Inc. On March 12, 2019, the court in *Thomas* entered an Order conditionally certifying a collective action on Thomas's claim under the FLSA. Plaintiff joined the *Thomas* action pursuant to this court-authorized notice; however, on July 6, 2020, the Court entered an Order granting Defendants' Motion to Decertify Collective Action, which dismissed Plaintiff's claims in *Thomas* and required he refile an individual action.

[3] In *Calloway*, on July 19, 2020, Plaintiff filed, with other individuals, a Complaint asserting the same claims for unpaid overtime as alleged in *Thomas* against Defendants. On November 4, 2020, the Court entered an Order severing all the plaintiffs and dismissing all but Plaintiff Abner Calloway. (Doc. 13 ¶ 5.)

[4] The Court notes that virtually identical motions (and corresponding settlement agreements) setting forth identical denials on part of Defendants, have been filed in several cases in this Court. *See, e.g.*, *Gonzalez v. Waste Pro USA, Inc. et al.*, 6:20 cv-01783-RBD-DCI at Doc. 16; *Louissaint v. Waste Pro USA, Inc. et al.*, 6:20-cv-01784- CEMDCI at Doc. 12; *Lane v. Waste Pro USA, Inc. et al.*, 6:20-cv-01785-WWB-DCI at Doc. 15; *Wilson v. Waste Pro USA, Inc. et al.*, 6:20-cv-01810-CEM-DCI at Doc. 15; *Brinson v. Waste Pro USA, Inc. et al.*, 6:20-cv-01812-ACC-DCI at Doc. 12; *Tosen III v. Waste Pro USA, Inc. et al.*, 6:20-cv-01816-ACC-DCI at Doc. 12; *Martinez v. Waste Pro USA, Inc. et al.*, 6:20-cv-01818- ACC-DCI at Doc. 12; *Jackson v. Waste Pro USA, Inc. et al.*, 6:20-cv-01820-WWB-DCI at Doc. 13; *Hayes v. Waste Pro USA, Inc. et al.*, 6:20-cv-01821-WWB-DCI at Doc. 15;  *Roberts v. Waste Pro USA, Inc. et al.*, 6:20-cv-01807-WWB-EJK at Doc. 16.

for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." *Barrentine*, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." *Id.* (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

It is appropriate for courts to review and consider if a settlement is a "fair and reasonable resolution of a bona fide dispute" in FLSA matters. *See Lynn's Food Stores*, 679 F.2d at 1354–55. If a settlement is not supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. *Id.* at 1353. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.*

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee, or "internal" factors, and whether the settlement frustrates the purpose of the FLSA, or "external" factors. *Dees v. Hyrdradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350–51 (M.D. Fla. 2010). Factors considered "internal" include: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).[5]

### III. DISCUSSION

#### A. Settlement Sum

The parties assert that the Agreement reflects a reasonable compromise of Plaintiff's FLSA claims. (Doc. 13, ¶ 9.) The Parties submit that the instant case involves a situation in which the

---

[5] *See Bonner v. City of Prichard*, *Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding all decisions from the Fifth Circuit handed down prior to October 1, 1981 are binding on the Eleventh Circuit).

Court may allow Plaintiff to settle and release his FLSA claims against Waste Pro USA and Waste Pro Florida, as the proposed settlement arises out of an adversarial context in which all Parties have at all times been represented by counsel. (*Id.*, ¶ 12.) Moreover, the Parties stipulate that they had a bona fide dispute, as reflected by Plaintiff's Complaints, Defendants' Answers to the Complaints, and the extensive motion practice that occurred in this matter as well as the related *Thomas* matter over the prior three years. (*Id.*)

Plaintiff will receive damages for unpaid wages as part of the settlement in the amount of $750.00. (*Id.* ¶ 7; Doc. 10-1 ¶ 3.) The parties state that this amount does not include any liquidated damages. (*Id.* ¶ 13.) The parties explain that Defendants dispute that Plaintiff is entitled to liquidated damages given that Defendants acted in good faith and had a good faith belief, based on advice of counsel, that their actions did not violate the FLSA. (*Id.*)

The undersigned finds that the absence of liquidated damages in this case is justified. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008); *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013).[6] The undersigned also finds that the amount agreed upon is a fair and reasonable compromise based on the parties' representation in the Motion, and I also note the early stage at which this case settled. Accordingly, I recommend that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

---

[6] Cases arising from the same *Thomas* and *Calloway* matters discussed *supra* contain virtually identical motions and corresponding settlement agreements, including the absence of liquidated damages, and the agreements were approved. *See, e.g.*, *Brinson v. Waste Pro USA, Inc. et al.*, 6:20-cv-01812-ACC-DCI, *report and recommendation adopted*, 2021 WL 489889, at *1 (M.D. Fla. Feb. 10, 2021) (adopting report and recommendation finding absence of liquidated damages were justified); *Tosen v. Waste Pro USA, Inc.*, No. 6:20-cv-1816-ACC-DCI, *report and recommendation adopted*, 2021 WL 489931, at *1 (M.D. Fla. Feb. 10, 2021) (adopting same).

### B. Attorney's Fees

Plaintiff's counsel will receive a total of $750 in attorney's fees for representing Plaintiff. (Doc. 13 ¶ 7.) Pursuant to 29 U.S.C. § 216(b), "[t]he court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." As the parties represent that this amount was negotiated separately from the amount received and the settlement is otherwise reasonable on its face, further review is not required. (Doc. 13 ¶ 7.); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (stating that if the parties "represent[] that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, . . . the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."). Therefore, I recommend that the Court find that the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### C. Other Terms of the Agreement

Upon review of the Agreement, the undersigned finds that the Agreement does not contain a general release, confidentiality provision, non-disparagement clause, allowance for written modifications, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. Accordingly, I recommend that the Court find that the terms of the Agreement do not affect the reasonableness of the settlement.

### IV. RECOMMEDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** the Joint Motion for Approval of Proposed Settlement (Doc. 13);
2. **APPROVE** the Settlement Agreement (Doc. 10-1); and

3.  **DISMISS WITH PREJUDICE** the Complaint. (Doc. 1.)

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 25, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE